## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OREGON BREWING COMPANY, an Oregon corporation,<br><br>Plaintiff,<br>vs.<br><br>ROGUE'S HARBOR STEAK & ALE, INC., a New York Domestic Business Corporation dba ROGUE'S HARBOR BREWING,<br><br>Defendant. | Civil Action No.: 5:14-CV-0428 (LEK/TWD)<br><br>**COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**<br><br>*Jury Trial Demanded* |

Plaintiff Oregon Brewing Company ("OBC") for this Complaint against Defendant Rogue's Harbor Steak & Ale, Inc., dba Rogue's Harbor Brewing ("Defendant"), alleges as follows:

### STATEMENT OF THE CASE

1. This is an action for trademark counterfeiting, trademark infringement, false designation of origin, and unfair competition. OBC owns the well-known mark ROGUE for beer and ale. Since 1989, OBC has continuously used the mark ROGUE in commerce in connection with the advertising, promotion and sale of alcohol beverages, as well as in the name of a ROGUE-branded line of restaurants and brew pubs. OBC owns an incontestable federal trademark registration for ROGUE for beer and ale. Despite OBC's registrations, Defendants commenced use of the mark ROGUE in the name of its brewery.

### THE PARTIES

2. OBC is an Oregon corporation, with a principal place of business located at 2320 OSU Drive, Newport, Oregon 97365.

3. Defendant Rogue's Harbor Steak & Ale, Inc., dba Rogue's Harbor Brewing is a New York domestic business corporation located at 2079 East Shore Drive, Lansing NY 14882.

### JURISDICTION AND VENUE

4. OBC's claims arise under the trademark laws of the United States (Trademark Act

of 1946, 15 U.S.C. § 1051 *et seq.*), and the law of the state of New York. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338, 1367 and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the claims arising under the law of New York pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein transpired in this judicial district.

## FACTUAL BACKGROUND

6. OBC is among the oldest and most well-established micro-brewers in the United States. Since 1989, OBC has continuously used the mark ROGUE in commerce in the name of a ROGUE-branded line of restaurants and brew pubs, as well as for alcohol beverages. OBC owns the following federal trademark registration for ROGUE, a copy of the registration is attached hereto as Exhibit "1":

| TRADEMARK | REG. NO. | REG. DATE | GOODS / SERVICES |
|---|---|---|---|
| ROGUE | 2669318 | 12/31/2002 | Beer and ale |

7. OBC's federally registered ROGUE mark was applied for and issued prior to Defendant's conduct giving rise to this action. OBC's Registration No. 2669318 has achieved "incontestable" status under the Federal Trademark Act, which means that it is "conclusive evidence" of OBC's "ownership" of the mark, of the registration of the mark, the "validity" of the mark, and of OBC's "exclusive right" to use the ROGUE mark in commerce for the goods and services specified in the federal registration. *See* 15 U.S.C. §§ 1065, 1115(b).

8. OBC's ROGUE mark is inherently distinctive because it does not describe an attribute of OBC's goods or services.

9. OBC has invested considerable resources to develop and promote the mark ROGUE. For over 15 years, OBC has advertised its ROGUE line of alcohol beverages over the

internet at **rogueales.com** and, starting in 1999, at **rogue.com**. On account of OBC's investment and its long and substantial use of the mark ROGUE, that mark has come to be associated exclusively with goods and services emanating exclusively from OBC. OBC owns the common law mark for ROGUE for alcohol beverages.

10. OBC has been advertising and selling its well-known ROGUE lagers, ales, porters, stouts and spirits on the East Coast, including in the State of New York, for over 15 years. OBC's ROGUE mark for its lagers, ales, porters, stouts and spirits is well-known in the State of New York and was so long before the conduct that forms the basis for this Complaint. OBC's ROGUE-branded beer and spirits are frequently served in restaurants, bars, and off premises accounts across the country and in the State of New York.

11. In March 2011, long after OBC's first use and registration of the mark ROGUE, Defendant commenced use of the mark ROGUE as the name of their brewery ("Rogue's Harbor Brewing").

12. On information and belief, Defendant and Defendant's actual and potential customers refer to Defendant's brewery as "Rogue".

13. OBC owner, Mr. Brett Joyce, called Defendant's owner Ms. Eileen Stout and explained that their conduct infringed OBC's federally registered trademarks. Mr. Joyce attempted to discuss a reasonable resolution with Ms. Stout that protected OBC's trademark rights. Ms. Stout refused to discuss the matter with Mr. Joyce and continued to use the ROGUE mark in association with the brewery. Mr. Joyce subsequently sent a letter to Ms. Stout again asking that Defendant stop using OBC's mark. Ms. Stout again ignored Mr. Joyce's request and left OBC with no option but to protect its valuable trademark rights through this litigation.

14. Defendant's conduct is likely to cause confusion, mistake and/or deception as to the affiliation, connection, or association of Defendant with OBC and as to whether OBC approves, sponsors or endorses Defendant's goods, products, and services.

15. Defendant's conduct constitutes intentional and deliberate trademark counterfeiting and infringement. Defendants used OBC's ROGUE mark with the intention of trading on the goodwill and reputation of OBC's mark.

16. Unless enjoined, Defendant's continued unlawful conduct will irreparably injure OBC. OBC has no adequate remedy at law.

## COUNT I
## TRADEMARK COUNTERFEITING UNDER THE LANHAM ACT
## (15 U.S.C. § 1114)

17. OBC incorporates by reference and re-alleges, as if fully set forth herein, paragraphs 1 through 16 of this Complaint.

18. OBC owns an incontestable federal trademark registration for ROGUE for beer and ale. Reg. No. 2669318.

19. Defendant's unauthorized use of ROGUE is likely to cause confusion, mistake, and deception as to the affiliation, connection, association, origin, sponsorship or approval of Defendant's services and business activities.

20. Defendant's unauthorized use of ROGUE constitutes trademark counterfeiting because Defendant knowingly used the identical or substantially indistinguishable mark ROGUE'S HARBOR BREWING for the goods and services contained in Plaintiff's federal trademark registration for ROGUE, Reg. No. 2669318, i.e., beer and ale.

21. As a direct result of Defendant's wrongful conduct, Defendant is causing OBC irreparable harm and has been unjustly enriched by its unlawful conduct.

## COUNT II
## TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND
## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT
## (15 U.S.C. § 1114)

22. OBC incorporates by reference and re-alleges, as if fully set forth herein, paragraphs 1 through 21 of this Complaint.

23. OBC owns a federal trademark registration for ROGUE for beer and ale.

24. Defendant's unauthorized use of ROGUE'S HARBOR BREWING COMPANY constitutes trademark infringement, unfair competition and false designation of origin because such conduct is likely to cause confusion, mistake, and deception as to the affiliation, connection, association, origin, sponsorship or approval of Defendant's goods, services and business activities.

25. As a direct result of Defendant's wrongful conduct, Defendant is causing Plaintiff irreparable harm and has been unjustly enriched by its unlawful conduct.

### COUNT III
### TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT
### (15 U.S.C. § 1125)

26. OBC incorporates by reference and re-alleges, as if fully set forth herein, paragraphs 1 through 25 of this Complaint.

27. OBC owns the common law mark for ROGUE for beer and ale.

28. Defendant's unauthorized use of ROGUE'S HARBOR BREWING COMPANY and similar marks constitutes trademark infringement, unfair competition and false designation of origin because such conduct is likely to cause confusion, mistake, and deception as to the affiliation, connection, association, origin, sponsorship or approval of Defendant's services and business activities.

29. As a direct result of Defendant's wrongful conduct, Defendant is causing OBC irreparable harm and injury and has been unjustly enriched by its unlawful conduct.

### COUNT IV
### TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER NEW YORK STATE LAW

30. OBC incorporates by reference and re-alleges, as if fully set forth herein, paragraphs 1 through 29 of this Complaint.

31. Defendant's unauthorized use of ROGUE'S HARBOR BREWING COMPANY and similar marks constitutes trademark infringement, unfair competition, and false designation of origin in violation of New York law because such conduct is likely to cause confusion, mistake, and deception as to the affiliation, connection, association, origin, sponsorship or approval of Defendant's services and business activities.

32. As a direct result of Defendant's wrongful conduct, Defendant is causing OBC irreparable harm and injury and has been unjustly enriched.

## PRAYER FOR RELIEF

WHEREFORE, OBC prays:

1. That this Court grants a permanent injunction:
    a. enjoining Defendant, their employees, owners, agents, officers, directors, attorneys, representatives, affiliates, subsidiaries, successors and assigns, and all those in active concert or having knowledge of the causes of action, from using Plaintiff's ROGUE mark, alone or in combination with any other word(s), term(s), designation(s), mark(s), and/or design(s), as well as all similar marks and domain names, including, without limitation, ROGUE'S HARBOR BREWING COMPANY;
    b. requiring Defendant to destroy all literature, signs, billboards, labels, prints, packages, wrappers, containers, advertising materials, stationery, menus and other items in its possession, custody or control that use ROGUE or ROGUE'S HARBOR BEWING COMPANY;
    c. requiring Defendant to file with the Court and serve on Plaintiff, within thirty (30) days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which Defendant has complied with the Court's injunction.

2. That this Court grant relief in the form of

    a. that this Court finds and assesses damages adequate to compensate the Plaintiff for the Defendant's Trademark counterfeiting, Trademark infringement, false designation of origin and unfair competition;

    b. that this Court have an accounting to determine the aforesaid damages and interest for the said Trademark counterfeiting, Trademark infringement, false designation of origin and unfair competition;

    c. reasonable costs and attorneys' fees to OBC pursuant to 15 U.S.C. § 1117 and 18 U.S.C. § 1964(c) and New York law.

3. That this Court grant OBC such other and further relief, in law or in equity, as it should deem just and proper.

## JURY DEMAND

OBC demands a trial by jury on all issues so triable.

Dated: April 16, 2014

                                                     _____
                                                    James P. O'Brien, Esq.- Bar Roll No: 102277
                                                    Coughlin & Gerhart, LLP
                                                    Counsel for Plaintiff Oregon Brewing Company
                                                    99 Corporate Drive
                                                    PO Box 2039
                                                    Binghamton, New York 13902-2039
                                                    (607) 723-9511
                                                    Fax: (607) 723-1530
                                                    Jobrien@cglawoffices.com